**John R. HENDRICKSON, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16955.**

United States Court of Appeals
Ninth Circuit.

Sept. 13, 1961.

Arthur D. Cohen and Hiram W. Kwan, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, Robert E. Hinerfeld, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before STEPHENS and BARNES, Circuit Judges, and MURRAY, District Judge.

PER CURIAM.

Appellant appeals from a judgment of conviction on all counts of a 26 count indictment. Count 1 charged that appellant conspired with one George A. Hewlett to abstract and misapply moneys, funds and credits of the Long Beach National Bank, a member bank of the Federal Reserve Bank of San Francisco, whose deposits were insured by Federal Deposit Insurance Corporation, and that the object of the conspiracy was to supply appellant with moneys of said bank in excess of $3,500,000, without appellant paying consideration therefor, in violation of Title 18 U.S.C. §§ 371 and 656. Counts 2 to 26, inclusive, charged that on certain specified dates, George A. Hewlett wilfully abstracted and misapplied certain specified sums of money of said bank, and that appellant knowingly and wilfully aided, abetted, counseled and induced and procured the commission of such criminal acts by said Hewlett, in violation of Title 18 U.S.C. §§ 656 and 2.

The sole ground urged by appellant for a reversal of this case is that he was substantially prejudiced and deprived of a fair and impartial trial by the trial court unduly participating in the examination and cross examination of all the witnesses in the case, including appellant, who testified in his own behalf. It is charged that the trial court indulged in said examination of the witnesses to such an extent that he interfered with the orderly

process of the trial and the presentation of the case by both appellee and appellant and became an advocate for the prosecution.

At the outset, it is to be noted that no objection was made at any time during the trial to the amount of examination conducted by the court. That this failure to object was not due to counsel being over-awed by the court (as was suggested might have been the case in In re United States, 1 Cir., 286 F.2d 556, 561, cited by appellant) is demonstrated by the fact that counsel did on occasion object to specific questions asked by the Judge, and on other occasions differed sharply and forcefully with the Judge. Appellant's counsel on this appeal are not the same counsel who represented him at the trial. Not only did the trial counsel not object to the Judge intruding into the examination of witnesses, but on at least one occasion he invited the court to conduct the examination.

Counsel who took the lead in representing appellant at the trial is a competent, experienced, well-qualified lawyer. This observation is not to be construed as an intimation that appellant's counsel on appeal are any less competent or qualified, but is made to emphasize the fact that the trial counsel apparently saw nothing prejudicial or detrimental to appellant in the court's conduct of the trial.

The case in many of its aspects was complex, dealing with involved banking and financial transactions. The Judge not only had the right, but he also had the duty to see to it that all the facts relative to these complicated matters were brought out and made clear to the jury. Perhaps the extent of his participation in the examination of the witnesses leaves something to be desired as a model for the conduct of a trial, but a thorough examination of the entire record fails to convince this court that appellant suffered any bias or prejudice therefrom.

A review of the authorities cited by appellant would serve no useful purpose here. It must be pointed out, however, that no case has been cited or found where a judgment has been reversed sole-ly because of the quantity of the Judge's participation in the examination of witnesses. Where undue participation of the Judge in the trial has been a factor in a reversal of a judgment, it has been the quality of the participation rather than the quantity which has led to the reversal and the court's conduct has been combined with other errors or the case has been a close one on the question of guilt or innocence of the defendant. In this case, no other error is even suggested, and a reading of the entire record leaves one with an overwhelming impression of the appellant's guilt.

Affirmed.